UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR SANDOVAL,

    Petitioner,

v.                                    CASE NO. 2:13-cv-12069
                                       HONORABLE GEORGE CARAM STEEH

J. A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION**

    Petitioner Hector Sandoval is an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan).  He recently filed a pro se habeas corpus petition under 28 U.S.C. § 2241, seeking to avoid an institutional transfer to a privately operated prison. Because petitioner has no right to confinement in any particular prison and may not challenge the conditions of confinement in a habeas corpus petition, the Court must dismiss the petition.

## I.  BACKGROUND

    The petition and exhibits indicate that petitioner has been convicted of kidnapping, 18 U.S.C. § 1201(a)(1), and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A).  The convictions were obtained in the United States District Court for the Central District of Illinois.  Petitioner's motion for new trial was denied, and on December 13, 2002, the trial court sentenced petitioner to 121 months in prison for the kidnapping conviction and to a consecutive prison term of 120 months for the firearm conviction.  On October 20, 2003, the United States Court of

Appeals for the Seventh Circuit affirmed petitioner's convictions. See United States v. Sandoval, 347 F.3d 627 (7th Cir. 2003).

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, but the trial court denied his motion, and the Seventh Circuit Court of Appeals affirmed the denial of his motion. See Sandoval v. United States, 574 F.3d 847 (7th Cir. 2009). Petitioner also challenged his sentence in a prior petition for the writ of habeas corpus under 28 U.S.C. § 2241. On February 2, 2012, another judge in this District dismissed the petition because petitioner had not established that a motion under § 2255 was an inadequate or ineffective remedy. See Sandoval v. Walton, No. 2:12-cv-10290 (E.D. Mich. Feb. 2, 2012).

On May 9, 2013, petitioner filed the current habeas corpus petition under 28 U.S.C. § 2241. He seeks to prevent federal officials from transferring him to a privately operated prison in Pennsylvania.

## II.  DISCUSSION

### A. Exhaustion of Administrative Remedies

The Court begins its discussion by noting that federal prisoners ordinarily are required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. Luedtke v. Berkebile, 704 F.3d 465, 466 (6th Cir. 2013). Although petitioner concedes that he did not pursue any administrative remedies for his claim, "the habeas exhaustion requirement is not without exception," nor "statutorily required." Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and

-2-

reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" Ridley v. Smith, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), abrogated in part on other grounds by Reno v. Koray, 515 U.S. 50 (1995)).

Petitioner's claim does not warrant habeas corpus relief, and it would be a waste of time and resources to require exhaustion of administrative remedies. The Court therefore excuses the exhaustion requirement and will proceed to address the merits of petitioner's claim.

### B.  The Merits

Petitioner alleges that he was sentenced in 2002 to twenty years in the custody of the Federal Bureau of Prisons and, after serving ten years at FCI-Milan, he was notified that the Bureau of Prisons intended to transfer him to a privately operated prison in Pennsylvania.  Petitioner prefers to serve the remainder of his sentence in a facility managed by the Bureau of Prisons.  He points out that he has never received an incident report in prison and that he has been working for eight years as a spray paint foreman for Prison Industries (UNICOR).

Petitioner's attempt to avoid an institutional transfer is a challenge to the conditions of his confinement.  Section "2241 is not the proper vehicle for a prisoner to challenge conditions of confinement." Luedtke v. Berkebile, 704 F.3d at 466.

Even if a § 2241 petition were an appropriate vehicle for petitioner's claim, the Court may grant habeas corpus relief only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Fifth Amendment to the United States Constitution provides in relevant part that "no

person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend V. The Supreme Court, however, has rejected the notion "that any grievous loss" visited upon a prisoner or "any change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." Meachum v. Fano, 427 U.S. 215, 224 (1976). Petitioner "possesses no inherent constitutional right to placement in any particular prison," Williams v. Bass, 63 F.3d 483, 485 (6th Cir. 1995), and he has "no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

The Bureau of Prisons "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted . . . ." 18 U.S.C. § 3621(b). The Bureau also "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b).

This authority to designate a prisoner's place of confinement and to transfer a prisoner from one facility to another facility includes the right to place a prisoner in a privately operated facility. See, e.g.,18 U.S.C. § 4013(a)(3) (stating that "The Attorney General, in support of United States prisoners in non-Federal institutions, is authorized to make payments from funds appropriated for Federal prisoner detention for . . . the housing, care, and security of persons held in custody of a United States Marshal pursuant to Federal law under agreements with State or local units of government or contracts with private entities"); see also Holly v. Scott, 434 F.3d 287, 290 (4th Cir.

2006) (noting that "there are a variety of statutes authorizing the housing of federal inmates in privately operated facilities"). "[T]he fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim . . . ." Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000). Petitioner therefore has no right to an order compelling the Bureau of Prisons to continue housing him in one of its facilities. His conviction has sufficiently extinguished his liberty interest to empower prison officials to confine him in a particular prison, even if the degree of confinement in one prison is quite different from that of another prison. Meachum v. Fano, 427 U.S. at 224.

### III. CONCLUSION

Section 2241 is not the proper vehicle for petitioner's challenge to the conditions of confinement, and he has no constitutional or statutory right to confinement in a particular prison. Consequently, the petition for writ of habeas corpus is **DISMISSED** with prejudice. This dismissal is pursuant to "Rule 4 of the Rules Governing § 2254 Cases in the District Courts, which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).[1]

Dated: June 4, 2013

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

[1] The rules governing cases under 28 U.S.C. § 2254 also apply to habeas petitions not filed under § 2254. See Rule 1(b).

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 4, 2013, by electronic and/or ordinary mail and also on Hector Sandoval #14483-424, Milan Federal Correctional Institution, Inmate Mail/Parcels, P. O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk